IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSIE LAING,

        Plaintiff,

v.                                      No. CV 12–0159 LAM

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

        Defendant.

**ORDER TO SHOW CAUSE**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Proceed* **In Forma Pauperis** *Pursuant to 28 U.S.C. § 1915* (*Doc. 2*), filed on February 21, 2012. "[I]n order to succeed on a motion to proceed [*in forma pauperis*], the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (citation omitted). Section 1915(a)(1) applies to all plaintiffs seeking *in forma pauperis* (hereinafter "IFP") status. *Id.*; *see also Griffin v. Zavaras*, No. 09-1165, 336 Fed. Appx. 846, 849 n.2, 2009 WL 2022952 (10th Cir. July 14, 2009) (unpublished). Plaintiff states that she is married and her husband works at Alberton's, however she fails to include the amount of his income. [*Doc. 2* at 1-2]. Without that information, the Court finds that Plaintiff has not shown an inability to pay the required filing fees. *See Saunders, Jr. v. Obama*, No. 1:10-cv-836, 2010 WL 5676266, *1 (S.D. Ohio Dec. 30, 2010) (unpublished) (denying IFP motion because the plaintiff's spouse declined to provide her earnings); *Watson v. Wash. Twp. of Gloucester Cnty. Pub. Sch. Dist.*, Civil No. 09-3650 (RBK/JS), 2009 WL 2778282, *2 (D.N.J. Aug. 28, 2009) (unpublished) (denying

IFP motion in part because the plaintiff did not disclose her spouse's income); *Crawford v. Kern Cnty. Sch. Dist. Bd. of Trustees*, No. 1:10-cv-00425 OWW JLT, 2010 WL 1980246, *2 n.1 (E.D. Cal. May 12, 2010) (explaining that "plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed in forma pauperis.") (citations omitted).

In addition, neither Plaintiff's Complaint [*Doc. 1*] nor her IFP motion set forth any basis on which the Court may evaluate whether she has "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. The Complaint is devoid of any basis for relief and merely states that "[t]he decision of the Defendant that the Plaintiff is not disabled is not supported by substantial evidence and applies an erroneous standard of law." [*Doc. 1* at 1]. Therefore, the Court cannot, at this time, grant Plaintiff's motion. *See Lewis v. Center Market, et al.*, Nos. 09-2275, 09-2278, 09-2279, 09-2282, 09-2297, 09-2315, 10-2004, 10-2006, 10-2015, 378 Fed. Appx. 780, 786-88, 2010 WL 1948881 (10th Cir. May 17, 2010) (unpublished) (affirming district court's denial of IFP status because the plaintiff's complaints did not contain sufficient facts to state claims entitled to relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949 (2009)).

**IT IS THEREFORE ORDERED** that Plaintiff must show cause **within thirty (30) days of this Order** why her motion for IFP and her complaint should not be dismissed by filing an amended motion for IFP and amended complaint. The amended motion for IFP shall include Plaintiff's total monthly household income, and the amended complaint shall state a claim for relief and present Plaintiff's argument on the law and facts in support of the claims raised. If Plaintiff fails to comply within 30 days, her IFP motion and complaint **may be dismissed without prejudice without further notice**.

**IT IS SO ORDERED.**

                                            _____
                                            **LOURDES A. MARTÍNEZ**
                                            **UNITED STATES MAGISTRATE JUDGE**