IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSIE LAING,

    Claimant,

v.                                                   Civ. No. 12-159 MCA/GBW

CAROLYN W. COLVIN,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## REPORT AND RECOMMENDATIONS

This matter comes before me on Claimant's Motion to Reverse and Remand the Social Security Administration (SSA) Commissioner's decision to deny Claimant disability insurance benefits. *Doc. 28*. For the reasons discussed below, I recommend that the Court deny Claimant's motion and affirm the Commissioner's decision.

**I.  BACKGROUND**

    **A.  Claimant's relevant medical history**

Claimant Josie Laing is a forty-one year old woman with a history of physical and psychological problems. Because Claimant's motion for remand is based entirely on the ALJ's treatment of Claimant's psychological limitations, I will only recite the portion of Claimant's medical history relevant to that claim.

Claimant has a history of anxiety, depression and possibly a panic disorder. AR at 274-76, 292. Dr. Richard Dvorak, who treated Claimant for her physical ailments,

1

also noted and treated Claimant's reported depression by prescribing Effexor and Xanax. AR at 248, 256. He did so without any diagnostic commentary beyond noting Claimant presented with depression in her treatment records. *Id.*; *see also* AR at 301. The first discussion of Claimant's mental condition in the record is found in the disability determination examination performed by Dr. Louis Wynne on October 24, 2006. Dr. Wynne confirmed the diagnoses of anxiety, depression, and panic disorder and assessed a GAF score of 52. AR at 276-77. On November 7, 2006, Dr. J. LeRoy Gabaldon completed a Request for Medical Advice in which he noted that Claimant had mental impairments due to a panic disorder form of anxiety but that her impairments were not severe. AR at 280, 285. He ranked each of Claimant's "B" criteria functional limitations[1] as mild and noted that she had had no extended episodes of decompensation. AR at 290. Dr. Gabaldon's notes state that Claimant appeared to be able to be "able to care for her own personal needs, engage in household tasks and leisure activities" depending on her physical condition, and that "there is no indication of thought disorder . . . cognitive limitation or suicidal intent." AR at 292. In April 2007, Dr. Scott Walker noted that on a review of Claimant's records, it was appropriate to affirm Dr. Gabaldon's mental assessment of Claimant. AR at 311.

---

[1] Specifically: 1) restriction of activities of daily living; 2) difficulties in maintaining social functioning; and 3) difficulties in maintaining concentration, persistence, or pace.

B.  **Procedural history**

Claimant filed her Title II and XVI applications on August 2, 2006. AR Exs. 1A, 2A. Her applications were initially denied on November 7, 2006, and again after reconsideration on April 11, 2007. AR at 87, 96. She requested a hearing on October 8, 2007, which was held on January 12, 2009. AR at 18, 34. The ALJ issued a decision denying Claimant's applications on September 3, 2010. AR at 18. Claimant requested, and was denied, review of the ALJ's decision by the Appeals Council on December 22, 2011. AR at 1.

Claimant filed her Complaint in the instant matter on February 21, 2012. *Doc. 1*. Her request for remand was filed on February 20, 2013. *Doc. 28*. The Commissioner filed her response on April 18, 2013. *Doc. 30*. Claimant has not filed a reply.

II.  APPLICABLE LAW

A.  **Standard of review**

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence," and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, 'we neither reweigh the evidence nor substitute our judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### B. <u>Disability determination process</u>

For purposes of Social Security disability insurance benefits, an individual is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these criteria, the SSA has developed a five step test. *See* 20 C.F.R. § 404.1520. If the Commissioner is able to determine whether an individual is disabled at one step, he does not go on to the next step. *Id*. § 404.1520(a)(4). The steps are as follows:

> (1) Claimant must establish that he is not currently engaged in "substantial gainful activity." If claimant is so engaged, he is not disabled.
> (2) Claimant must establish that he has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that have lasted for at least one year. If claimant is not so impaired, he is not disabled.
> (3) Claimant must establish that his impairment(s) are equivalent to a listed impairment that has already been determined to be so severe as to preclude substantial gainful activity. If listed, the impairment(s) are presumed disabling.
> (4) If the claimant's impairment(s) are not listed, claimant must establish that the impairment(s) prevent him from doing his "past relevant work." If claimant is capable of returning to his past relevant work, he is not disabled.
> (5) If claimant establishes that the impairment(s) prevent him from doing his past relevant work, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

The sole issue in this case is whether or not the ALJ properly determined at Step Two "whether the claimant has a medically severe impairment or combination of impairments*." Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). "This determination is governed by the Secretary's severity regulations, 20 C.F.R. §§ 404.1520(c), 416.920(c) (1986), is based on medical factors alone, and, consequently, does not include consideration of such vocational factors as age, education, and work experience." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Under these severity regulations, the claimant bears the burden of demonstrating that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities. *Id.* at 750-51.

5

**III.    ANALYSIS**

Claimant challenges the ALJ's determination Step Two of the sequential analysis that that her depression and anxiety are not severe impairments. Claimant contends that the ALJ erred because his findings 1) fail to comport with the proper legal standards and 2) are not supported by substantial evidence. *Doc. 28*. Having carefully reviewed the record and applicable law, I find no error in the ALJ's findings and recommend denying Claimant's request for remand.

Claimant asserts that her medical records demonstrate that her anxiety and depression met the required Step Two *de minimis* showing of a severe impairment or impairments, and therefore the ALJ should have included a consideration of her mental impairments in the next steps of her sequential analysis. *Id.* at 9-11.

Although Step Two of the sequential analysis only requires a *de minimis* showing of impairment, proof of the mere presence of a condition is insufficient to meet that requirement. *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997). The ALJ must look to the severity of the alleged impairments and determine whether or not the impairments could "interfere with or have a serious impact on the claimant's ability to do basic work activities." *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). Social Security Ruling (SSR) 85-28 explains that "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28 (1985).

A claimant is required to put forth medical evidence from acceptable medical sources that demonstrates both the existence and severity of the impairment during the time she was disabled.  20 C.F.R. §§ 404.1512(c), 404.1513(a), 416.912(c), 416.913(a). Other medical sources can also provide evidence in reference to the severity of the impairment and its effect on the claimant's ability to work.  20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1).  The ALJ must review this medical evidence and evaluate the effect of all the impairments taken together on the claimant's ability to do basic work activities. SSR 85-28.

In her ruling, the ALJ accepted Claimant's evidence, provided by Drs. Wynne, Gabaldon, and Scott, that Claimant had medically determinable mental impairments arising from her anxiety and depression. AR 21-22.   She then, in accordance with SSR 85-28, specifically considered the impact of Claimant's stated impairments on her ability to perform basic work activities.  For example, she noted that Dr. Wynne's report stated that Claimant can interact with the public, has the ability to understand basic instructions, and her ability to concentrate and perform simple tasks was only mildly impaired. AR 21.

Claimant challenges three aspects of the ALJ's findings, arguing: 1) that Claimant's Global Functioning Assessment (GAF) score of 52 indicates severe impairment; 2) Dr. Wynne's findings require a determination of severe impairment; and 3) the fact that Dr. Dvorak, a physician treating Claimant for her physical injuries,

consistently diagnosed and treated Claimant for mental issues indicates severe impairment. *Doc. 28* at 9-11. For her part, the Commissioner counters that Dr. Wynne's GAF score is not the definitive measure of the severity of Claimant's mental impairments, that Dr. Wynne's reports do not suggest that Claimant had severe mental impairments, and that Dr. Dvorak's treatment records support the ALJ's findings. *Doc. 30* at 3-8.

### A. Claimant's GAF score does not necessarily require a finding of severe impairment

Claimant was assessed with a GAF score of 52 by Dr. Wynne on October 31, 2006. AR at 277. The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning." *Langley v. Barnhart*, 373 F.3d 1116, 1122 n.3 (10th Cir. 2004) (citation omitted). "[A] low GAF score does not alone determine disability, but is instead a piece of evidence to be considered with the rest of the record." *Petree v. Astrue*, 260 F. App'x 33, 42 (10th Cir. 2007). A GAF score below 50 can indicate significant social impairment. *Langley*, 373 F.3d 1122 n.3. However, "a low GAF score does not necessarily evidence an impairment seriously interfering with a claimant's ability to work. The claimant's impairment, for example, might lie solely within the social, rather than the occupational, sphere." *Lee v. Barnhart*, 117 F. App'x 674, 678 (10th Cir. 2004) (internal citation omitted).

First, Claimant's GAF score was above fifty, and therefore is not presumed to indicate significant social impairment. Secondly, Claimant's GAF score must be

interpreted in concert with Claimant's medical records.  As the ALJ correctly noted, in Claimant's psychological evaluations provided by Drs. Wynne and Gabaldon and affirmed by Dr. Walker, Claimant's psychological illnesses were not deemed to result in severe impairments.  AR at 276, 280, 311.  Thus, even if Claimant's GAF score is an accurate reflection of her mental state, it may only reflect a diminished ability in the area of social functioning.  I do not find that the ALJ erred in determining that Claimant's mental impairments were non-severe on the basis of Claimant's GAF score.

### B.  The ALJ properly interpreted Dr. Wynne's report

Claimant appears to argue that because Dr. Wynne found that her ability to persist at simple work tasks was "mildly impaired" (AR 276), Claimant is unable to carry out detailed instructions and therefore has a severe mental impairment. *Doc. 28* at 11.  In making this argument, Claimant admits that Dr. Wynne never made any explicit determination as to Claimant's ability to carry out detailed instructions, although his records state that she does have the ability to carry out basic written instructions.  AR at 276.  What Claimant fails to do is cite any regulation or case law to 1) demonstrate that a finding of mild impairment in persistence necessarily leads to the conclusion of an inability to follow detailed instructions, and 2) even assuming an inability to carry out detailed instructions, that such inability constitutes a severe impairment.

As the Commissioner points out, the opposite conclusion is more appropriate:

> An impairment is not severe when it does not significantly limit a claimant's ability to do "basic work activities."  20 C.F.R. §§ 404.1521(a),

9

>416.921(a).  Basic work activities include "understanding, carrying out, and remembering **simple** instructions (emphasis added)."  20 C.F.R. §§ 404.1521(b)(3), 416.921(b)(3).  Therefore, Plaintiff's "mild" limitation in the ability to concentrate and persist at simple work tasks does not equate to a severe impairment.  *See Dray v. Astrue*, 353 F.App'x. 147, 150 (10th Cir. 2009) (unpublished) (ALJ's finding of no severe mental impairment supported by reports that indicated mild or no limitation in the four broad functional areas evaluated in connection with mental impairments). *See also Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (ALJ properly found mild depression and possible factitious disorder to be nonsevere).

*Doc. 30* at 6.  I agree with the Commissioner and would therefore hold that the ALJ did not err in finding that Dr. Wynne's psychological assessment did not demonstrate that Claimant has a severe mental impairment.

### C. Dr. Dvorak's treatment of Claimant does not necessitate the finding that Claimant has a severe mental impairment

Finally, Claimant argues that, because Dr. Dvorak prescribed Effexor and Xanax to treat Claimant's mental illnesses, Claimant's psychological condition must necessarily have been severe.  *Doc. 28* at 11.  Again, Claimant cites to no authority to support this contention.

The ALJ did not dispute that Claimant had medically determinable psychological illnesses, which is the only fact that Dr. Dvorak's treatment supports.  *See* AR at 21. While she did not discuss Dr. Dvorak's prescriptions, she was not required to do so because she was not rejecting Dr. Dvorak's assessment of Claimant's mental status (*i.e.* her reported psychological illnesses). *Clifton*, 79 F.3d at 1009-10 ("[A]n ALJ is not required to discuss every piece of evidence.  Rather, in addition to discussing the

10

evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). I see no basis in the record or under the law that the mere existence of these prescriptions necessitates a finding by the ALJ of severe mental impairment.

IV.  CONCLUSION

For the foregoing reasons, Claimant has failed to demonstrate that the ALJ erred in finding that Claimant's mental illnesses were not severe impairments at Step Two of the sequential analysis. Therefore, I recommend that Claimant's Motion to Reverse and Remand be DENIED and the Commissioner's decision be AFFIRMED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**